UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JENKINS,<br><br>           Petitioner,<br><br>    v.<br><br>SAN BERNARDINO COUNTY JAIL,<br><br>           Respondent. | Case No. ED CV 20-1125-AB (SP)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## INTRODUCTION

On June 1, 2020, petitioner Raymond Jenkins filed a Petition for Writ of Habeas Corpus (the "Petition"). Although petitioner filed the Petition on a 28 U.S.C. § 2241 form, he is in state custody and therefore the Court has construed the Petition as brought under 28 U.S.C. § 2254. Petitioner raises three grounds for relief: (1) the San Bernardino County Jail is holding inmates such as petitioner in jail with no physical evidence; (2) the jail is violating a new California state law that no one should be detained without physical evidence; and (3) San Bernardino County has abused its power over the justice system and in the jail.

On June 18, 2020, the Court issued an Order to Show Cause Why Petition

Should Not Be Dismissed Due to Failure to Exhaust and Need to Abstain.  Among other things, the Court explained the exhaustion requirement and why it appeared petitioner had not met the requirement, and gave petitioner a number of options for responding.  The options included submitting a written response showing he had in fact exhausted his state remedies, voluntarily dismissing his Petition or any unexhausted claims, and requesting a stay pursuant to either *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).  On June 29, 2020, petitioner filed a Response to the Order to Show Cause, in which he reiterated the allegations in his Petition but did not address his failure to exhaust and did not select any of the other options provided by the Court.

     After careful review and consideration, the Court finds petitioner has not exhausted his state court remedies on any of his claims.  Consequently, the Petition will be dismissed without prejudice.

## II.

## **BACKGROUND**

     At the time he filed the Petition, petitioner indicated he was being detained at the San Bernardino County Jail.  A record of the procedural history is not before the Court, and the Petition does not provide a case number or date of conviction.  But online records from the San Bernardino County Superior Court website show petitioner was convicted of rape by force in violation of California Penal Code §§ 261(a)(2) and 12022.7(a) on June 19, 2020.[1]  Petitioner was sentenced to

---

[1]     *See* case number FVI18002048 on the San Bernardino County Superior Court website, available at https://portal.sb-court.org/Portal/.  The Court may take judicial notice of facts that are not subject to reasonable dispute because they can be "accurately and readily determined from sources whose accuracy

(continued...)

eleven years in state prison on July 20, 2020.

## III.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, as discussed below, petitioner has not exhausted his state remedies on any of his claims.

It is well-established that, before a state prisoner challenges his state conviction in federal court via a federal habeas petition, he must first exhaust his federal grounds for relief in state court. 28 U.S.C. § 2254(b)(1)(A); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365 (citation omitted). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See id.* (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying

---

[1](...continued)
cannot reasonably be questioned." Fed. R. Evid. 201(b).

*O'Sullivan* to California).

In the Petition, petitioner states he has not filed any appeal, and there is no indication that petitioner has raised any of the claims in the instant Petition before a state court, including the California Supreme Court. *See* Petition at 2-3. In his Response to the Order to Show Cause, petitioner did not argue that he has in fact exhausted his state court remedies on the grounds raised in the instant Petition, nor did he request that the Court stay the case while he returns to state court to exhaust his claims. Petitioner's failure to exhaust his claims at this stage is understandable because, as set forth above, petitioner was only just sentenced by the Superior Court on July 20, 2020, and therefore he has not yet had time to exhaust his state court remedies.

Because the Petition is completely unexhausted, it must be dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: September 15, 2020

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE